JONAS BROWN, Administrator, *vs.* CALVIN G. HOWE.

The guardian of a lunatic cannot be allowed in his probate account the amount of damages occasioned to his own property by his ward's want of care.

APPEAL by the administrator of the estate of Daniel Saunders, an insane person, from a decree of the judge of probate allowing his guardian's account, including this item : " For loss sustained by accountant by fire caused by want of care on part of said Daniel Saunders over and above amount received by insurance."

At the hearing in this court, the appellee, in support of the item, offered evidence that " Saunders, by want of ordinary care, set fire to the dwelling-house of the appellee, in which he boarded as an inmate of his family, whereby the house was destroyed and Saunders perished at the same time." *Bigelow,* J. reported this question to the full court.

*P. C. Bacon,* for the appellee. A lunatic is liable for his torts. *Weaver* v. *Ward,* Hob. 134. *Morse* v. *Crawford,* 17 Verm. 499. This claim is a proper subject of charge and account in the probate court. Rev. Sts. *c.* 79, §§ 4, 5, 9, 10, 17, 18. *Grinnell* v. *Baxter,* 17 Pick. 383. And see *Jackson* v. *Jackson,* 1 Grat. 143. It is like a claim of an administrator for a tort of his intestate. See Rev. Sts. *c.* 66, §§ 18, 19. If the ward had done a like injury to a third party, it would have been the duty of the guardian to settle and pay the claim. *St.* 1855, *c.* 432, § 1. The guardian can maintain no action against his ward during the guardianship. *Mason* v. *Mason,* 19 Pick. 506. *Smith* v. *Philbrick,* 2 N. H. 395. His claim against the ward would therefore be barred if the guardianship should continue more than six years; so that he would lose his claim, if he cannot include it in the guardianship account, unless he should resign his trust, and that resignation should be accepted by the court.

*C. Allen & H. Chapin,* for the appellant.

THOMAS, J. The appellee was guardian of Daniel Saunders, an insane person, now deceased. In settling his account in the

probate court, the guardian charged and was allowed this item : " For loss sustained by accountant by fire caused by want of care on part of said Daniel Saunders over and above amount received by insurance." The date and amount of the item are not given. From the allowance of the account, including this charge, the administrator of the ward appealed to this court. Whether the item is the subject of charge in the appellee's probate account is the question for our consideration.

The item sought to be charged is a claim for unliquidated damages. Two things are clear: first, there is no express provision of the statute under which claims for damages for torts can be proved in probate accounts ; secondly, there are no precedents for their allowance, so far as our reports show.

If we look to the nature of such account, its object and purpose, it will be plain that damages for a tort cannot be included in it. An account, as used in the probate law, is the statement of the receipts and payments by a trustee concerning the estate confided to his care; the detailed statement of its administration while in his hands, what has been received, and from what sources, what has been paid out and for what purposes, and the balance, if any, remaining. The accounts are evidenced by books and vouchers, with occasional resort to the testimony of witnesses.

A claim for unliquidated damages, as for assault and battery, or action on the case for negligence, by a guardian against his ward, cannot be made part of his account. It is not a matter arising from the trust. It is a question for a court of common law, to be tried at its bar and under its rules.

In the case before us, it is a question where the plaintiff and defendant are represented by the same person, and the personal interest of the trustee is in conflict with that of his trust, and where, it may be, all the weapons of defence are in the hands of the plaintiff. The existence and prosecution of such a claim are inconsistent with the continuance of the relation, and would be sufficient reason for its termination.

It would seem to be clear therefore that such a question could not be settled. even in a court of common law, while the rela

tion of guardian and ward continued. To say that a guardian can settle with himself for a tort of his ward, affecting his person, character or property, and then make the amount so paid an item of charge in his account, seems still more difficult. It is a matter outside of the trust, and with which the relation of guardian and ward has nothing to do.

Upon the termination of the relation by the death of the ward, the difficulties of adjusting such a claim in a probate account increase rather than lessen. The claim not growing out of the trust, and the guardian having no lien upon the funds in his hands for its payment, the balance in his hands as guardian, after payment of his disbursements and services, goes into the hands of the administrator to pay the funeral expenses, the expense of settling the estate, and the debts. The claim of the guardian for damages for the tort has no preference over other debts and claims against the estate, and he cannot retain the property in his hands as trustee to meet it.

But the trust being terminated and the claim surviving, his only course is to sue the administrator in a court of law, and, having its judgment fixing the damages, to collect it from the assets, if the estate is solvent; if not, to share with the other creditors. *Decree reversed and case remitted.*